PFE/MRP: APRIL 2023
GJ#24

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

# JASPER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BOBBY CONNELL** | ) |

# INDICTMENT

**COUNT ONE: [18 U.S.C. § 922(a)(6)]**

The Grand Jury charges that:

On or about the 5th day of November, 2022, in Walker County, within the Northern District of Alabama, the defendant,

**BOBBY CONNELL,**

in connection with the acquisition of a firearm, that being a Glock Model 43 9mm pistol, from JB's Pawn, Inc., a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement, which statement was intended and likely to deceive JB's Pawn, Inc., as to a material fact to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant indicated in writing to JB's Pawn, Inc. that the defendant was the actual transferee/buyer of the above-

1

referenced firearm, when, in fact, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FIRST NOTICE OF FORFEITURE
### [18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)]

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(a)(6) set forth in Count One of this Indictment, the defendant,

**BOBBY CONNELL**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to a Glock Model 43 9mm pistol bearing serial number BCYS865.

3. If the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

A TRUE BILL

*/s/ Electronic Signature*
FOREPERSON OF THE GRAND JURY

              PRIM F. ESCALONA
              United States Attorney

              */s/ Electronic Signature*
              MICHAEL R. PILLSBURY
              Assistant United States Attorney